**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 16-6316**

—————————

HERMAN HARRIS,

             Plaintiff – Appellant,

       v.

ZACHERY PITTMAN, Fayetteville Police Department,

             Defendant – Appellee,

       and

MOOSE BUTLER,

             Defendant.

—————————

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.    Terrence W. Boyle, District Judge.  (5:13-ct-03087-BO)

—————————

Submitted:  July 14, 2016          Decided:  September 1, 2016

—————————

Before FLOYD and HARRIS, Circuit Judges, and DAVIS, Senior Circuit Judge.

—————————

Vacated and remanded by unpublished per curiam opinion.

—————————

Herman Harris, Appellant Pro Se.  Lisa Yvette Harper, Assistant Attorney General, Fayetteville, North Carolina, for Appellee.

—————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Herman Harris appeals the district court's order granting Officer Zachery Pittman's summary judgment motion on Harris' excessive force claim, brought pursuant to 42 U.S.C. § 1983 (2012). The district court determined that no genuine issues of material fact existed as to whether Pittman was entitled to qualified immunity when he effectuated Harris' arrest.

The relevant inquiry on summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986). In determining whether an officer is entitled to summary judgment on the basis of qualified immunity, a district court is required to ask "whether the facts, viewed in the light most favorable to the plaintiff, show that the officer's conduct violated a federal right." Smith v. Ray, 781 F.3d 95, 100 (4th Cir. 2015).

The parties offered different versions of the salient facts surrounding Pittman's arrest. In particular, Harris' and Pittman's versions of events critically differ over what occurred when Pittman fired the final shots at Harris (e.g, whether Harris was standing or lying down). Thus, the question for the district court was whether, construing the facts in the light most favorable to Harris (i.e., Harris was lying on the

2

ground when Pittman, still on top of him, fired the final shots), a reasonable officer would have probable cause to believe that Harris posed a significant threat of death or serious physical injury to the officer or others. <u>See</u> <u>Tennessee v. Garner</u>, 471 U.S. 1, 3, 11-12 (1985).

Because it does not appear that the district court construed the facts in the light most favorable to Harris, we vacate the district court's judgment and remand to the district court for further proceedings. We leave it to the district court to determine, in the first instance, if construing the salient facts in the light most favorable to Harris, Pittman is entitled to qualified immunity. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>VACATED AND REMANDED</u>